Filed 9/26/24  P. v. Hayes CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>FAIRLOND LEE HAYES,<br><br>　　　Defendant and Appellant. | D083396<br><br><br>(Super. Ct. No. SCD207065) |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Reversed.

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

Penal Code[1] section 1172.75 provides that certain one-year sentence enhancements that were imposed prior to January 1, 2020, pursuant to former section 667.5, subdivision (b) are legally invalid. The statute provides a mechanism for resentencing individuals who are serving judgments that include one or more of those enhancements. (§ 1172.75, subds. (a)–(c).)

In this case, the Department of Corrections and Rehabilitation identified Fairlond Lee Hayes as an inmate potentially eligible for relief under section 1172.75. The trial court found that the two prison prior enhancements had been stayed at the timing of sentencing, and concluded resentencing was unnecessary. On appeal, the parties dispute whether section 1172.75 applies in cases in which the inmate's abstract of judgment includes one or more section 667.5, subdivision (b) enhancements that were previously imposed but stayed. We conclude that the statute does apply in this situation, and that therefore resentencing is required. Accordingly, we reverse the trial court's order denying Hayes's request for resentencing.

## I.

### Factual and Procedural Background

The trial court sentenced appellant on April 19, 2010, to serve thirty-five years to life in state prison for evading a peace officer and robbery. During sentencing, the trial court imposed but stayed two one-year terms for prison prior enhancements under section 667.5, subdivision (b)(2).

In 2020, the Legislature enacted Senate Bill No. 136 (2019–2020 Reg. Sess.) to amend section 667.5, subdivision (b). The statute made prison prior enhancements applicable only to persons whose prior prison terms resulted from convictions for sexually violent offenses. Prison prior enhancements were eliminated for defendants whose prior prison terms were for non-

---

[1] All further unspecified statutory references are to the Penal Code.

2

sexually violent offenses. (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681; *People v. Christianson* (2023) 97 Cal.App.5th 300, 309, review granted Feb. 21, 2024, S283189 (*Christianson*).)

On May 30, 2023, appellant submitted a petition for full resentencing relief to the trial court under section 1172.75, subdivision (c). On July 7, 2023, the trial court issued an "Ex Parte Minute Order," tentatively denying appellant's petition for resentencing. On November 16, 2023, the trial court issued an order denying appellant's petition. The trial court reasoned that "the legislation was not intended to be an invitation for anyone who had ever suffered a prison prior to be resentenced. Instead, the legislation (and its history) demands that the court must act only if a defendant is *currently serving* an additional year in prison because of *the imposition* of the punishment for the enhancement." The trial court did not strike the enhancements.

## II.

## Discussion

On appeal, Hayes asserts that the trial court erred by denying his request for resentencing and that section 1172.75 should be construed to require a full resentencing for every defendant serving time on an abstract of judgment that includes a now invalid section 667.5, subdivision (b) enhancement, regardless of whether that enhancement is stayed or executed. The People maintain that section 1172.75 applies only to those cases in which the sentence includes an additional imposed and executed term of punishment.

A. ***Standard of Review***

Whether section 1172.75 entitles Hayes—who is currently serving time on an abstract of judgment that includes a stayed but now invalid section

667.5, subdivision (b) enhancement—to a full resentencing is a question of law that we review de novo, under well-settled standards of statutory interpretation. (*People v. Lewis* (2021) 11 Cal.5th 952, 961) (*Lewis*); *People v. Schulz* (2021) 66 Cal.App.5th 887, 893).

**B.** *Analysis*

*Christianson* is instructive here. As in *Christianson*, "the dispute here centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed *and stayed* for a non-sexually violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75. (§ 1172.75, subd. (c).)" (*Christianson, supra,* 97 Cal.App.5th at p. 311.)

The plain language of the statute, section 1172.75, subdivision (c) "requires trial courts to provide a full resentencing to any defendant currently serving time on a judgment that includes a sentencing enhancement described in subdivision (a). Section 1172.75, subdivision (a), in turn, describes '[a]*ny* sentence enhancement *that was imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5' . . . for a prior conviction that was not a sexually violent offense." (*Christianson, supra,* 97 Cal.App.5th at p. 311.) There is no dispute that Hayes was serving time on a judgment that includes a reference to two separate section 667.5 enhancements, and that the underlying prior convictions were not sexually violent offenses. As with *Christianson*, the question before us is whether the enhancements were "imposed" as the word is used in section 1172.75, subdivision (a).

As we noted in *Christianson*, the word "imposed" in this context, is somewhat ambiguous. But, "[r]eading section 1172.75 in the context of the

4

entire statutory scheme, the stated legislative intent, and the legislative history, we are not convinced, as the People suggest, that the Legislature intended the word 'imposed' in this context to be limited to enhancements that were imposed *and executed*." (*Christianson, supra,* 97 Cal.App.5th at p. 311.) Here, too, we see no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancement and those for whom the enhancement was imposed but stayed.

Although the sentencing court ultimately decided to stay those enhancements, the presence of stayed enhancements is not a mere technicality. As we noted in *Christianson*, "[w]hen a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstances, such as if an alternately imposed term is invalidated. [Citation.] Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson, supra*, 97 Cal.App.5th at p. 312.)

Accordingly, here, as in *Christianson*, we conclude that because the sentencing court stayed imposition of the two section 667.5, subdivision (b) enhancements, resentencing is required.

## III.

### Disposition

The order denying Hayes's request for resentencing is reversed and the matter is remanded to the trial court with instructions for the court to issue a new order granting Hayes's request for resentencing.


KELETY, J.

WE CONCUR:


HUFFMAN, Acting P. J.


BUCHANAN, J.

6